United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENIKA DAVISON O/B/O LAMONT D. ELKINS, JR.,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

No. C 05-2240 SBA

**ORDER**

Plaintiff Benika Davison ("Davison") brings this action on behalf of her son Lamont D. Elkins, Jr. ("Elkins"). Davison seeks to obtain review of a decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying her request to reopen the final decisions on the earlier applications for Supplemental Security Income ("SSI") filed by Davison on Elkins' behalf. Now before the Court are Defendant's Motion to Dismiss ("Motion") and Plaintiff's Cross-Motion for Summary Judgment ("Cross-Motion").

**BACKGROUND**

The facts are not disputed by the parties. Davison filed an application for SSI on behalf of Elkins on November 19, 1992, which was denied initially on January 18, 1993, and not further appealed. Motion at 2. On May 13, 1999, Davison again filed an application for SSI on her son's behalf, which was denied initially on July 12, 1999, and not further appealed. Motion at 2. Davison then filed an application for SSI on behalf of her son for the third time on January 3, 2003, with a protective filing date of December 16, 2002. This application was denied at the initial level on May 7, 2003, and upon reconsideration on August 29, 2003. Motion at 2; Ex. 1 at 17. A hearing was held on July 19, 2004. Davison was present at the hearing and testified on behalf of Elkins. Elkins

was not present, but was found to be a nonessential witness. Elkins was also represented by Andrew Ragnes, a nonattorney representative ("Ragnes"). Motion, Exhibit 1 at 17. On October 29, 2004, an Administrative Law Judge ("ALJ") issued a fully favorable decision on the third application, finding that Elkins was disabled as of the protective filing date of December 16, 2002. Motion at 2. The ALJ found no basis fo reopening the prior two applications. Motion, Ex. 1. On December 15, 2004, Davison requested a review of the decision. Motion at 2. On May 4, 2005, the Appeals Council denied the request for review and found no reason to reopen the final decisions in the earlier two applications. Motion at 2.

On June 2, 2005, Davison filed suit in this Court on behalf of Elkins, asking the Court to remand to the Social Security Commissioner to reopen the SSI applications that were filed in 1992 and 1999. Complaint at 2.

## **PROCEDURES FOR SSI APPLICATIONS**

The Social Security Act entitles disabled individuals to receive SSI benefits. 42 U.S.C. § 1381a. A claimant whose application has been denied may request reconsideration. 20 C.F.R. § 416.1409(a). If the claim has been denied on reconsideration, the claimant may request a hearing before an ALJ. § 416.1433(b). Following the ALJ's decision, the claimant may request review by the Appeals Council. § 416.1468(a). The Appeals Council renders the agency's determination final, and is subject to judicial review. § 416.1481. The claimant may request that his or her application be reopened: (a) within twelve months of the initial determination for any reason, (b) within two years of the initial determination for good cause, and (c) at any time "if it was obtained by fraud or similar fault." § 416.1488. In determining whether a determination was obtained "by fraud or similar fault" under section 416.1488(c), any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) that the claimant may have had at the time, must be taken into account. *Id.*

"When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, *and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor . . . )* at the time of the prior administrative action, SSA will determine

2

1 whether or not good cause exists for extending the time to request review.  If the claimant satisfies
2 substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of
3 how much time has passed since the prior administrative action, the claimant can establish good
4 cause for extending the deadline to request review of that action." Social Security Ruling ("SSR")
5 91-5p, 1991 WL 208067 (S.S.A.), at *2 (emphasis added).

## STANDARD OF REVIEW

Federal courts generally lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits. *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).  By enacting 42 U.S.C. section 405(g), Congress intended to impose a 60-day limitation upon judicial review of the Commissioner's final decision on the initial claim for benefits.  Such a limitation was designed "to forestall repetitive or belated litigation of stale eligibility claims." *Id*. at 108.  The Commissioner's decision not to reopen a prior determination is not a final decision for the purposes of 42 U.S.C. section 405(g), and therefore generally cannot be reviewed.  *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003).  However, federal courts may review such a decision where the claimant has been denied due process.  *Id.*  A due process claim is appropriate in the Social Security cases in which the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive him or her of the ability to understand or act upon notice of available administrative procedures. *Id.* at 181.

## DISCUSSION

The request to open Elkins' SSI applications filed by his mother on his behalf in 1992 and 1999 was plainly untimely under 20 C.F.R. § 416.1488.  Because the request was submitted more than two years after the determinations, section 416.1488(c) applies.  Under section 416.1488(c), a request to reopen may be made at any time "if it was obtained by fraud or similar fault."  In determining "other fault," the Commissioner must consider claimant's physical, mental, educational, or linguistic limitations. *Id.*  The Commissioner must also consider whether the claimant had no one legally responsible for prosecuting the claim such as a parent of a claimant who is a minor. SSR 91-5p, 1991 WL 208067 (S.S.A.), at *2.  Here, at the time of the determination on Elkins' 1992 and 1997 applications, he was a minor.  His mother, Davison, was legally responsible for prosecuting his

claim. In fact, she did prosecute his claim. While Elkins was found disabled by the ALJ, no evidence has been presented that Davison herself had any physical, mental, educational, or linguistic limitations at the time of the prosecution of her son's claims. Instead, Elkins' representative, Ragnes, argued at the ALJ hearing that Davison was mentally incompetent because she was indigent and had other children with mental issues. Ragnes Decl., Ex. E. A claimant, or his legal representative, will be considered sufficiently impaired as to be unable to pursue administrative remedies if he or she makes a "'particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension.'" *See Byam*, 336 F.3d at 182. While the circumstances Ragnes described at the hearing before the ALJ may have been a burden on Davison, they do not show a mental impairment of sufficient severity as to suggest that she was unable to pursue administrative remedies within the time provided. *Cf. id.* at 183 (holding that "plaintiff has put forth sufficient evidence to warrant consideration of her due process claim"). Because Davison has not stated a due process claim, the Court lacks jurisdiction to review an administrative decision not to reopen a previous claim for benefits. *See Califano*, 430 U.S. at 107-09; *Byam*, 336 F.3d at 180. *See also Verizon Cal., Inc. v. Peevey*, 413 F.3d 1069, 1084 (9th Cir. 2005) (holding that on a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction).

## **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED and Plaintiff's Cross-Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated: 9/11/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

4